# United States Court of Appeals for the Fifth Circuit

--------

No. 25-10194
Summary Calendar

--------

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2026

Lyle W. Cayce
Clerk

K'in Way Xi,

*Plaintiff—Appellant*,

*versus*

BES Kessler Park Fund X11, L.L.C., *doing business as* Axis Kessler Park,

*Defendant—Appellee*.

--------

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-299

--------

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

K'in Way Xi, along with other plaintiffs, filed a joint pro se civil rights action in which they alleged employment discrimination under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. They additionally alleged housing discrimination based on the Fair Housing Act (FHA), 42 U.S.C. §§ 3601-3619. The district court granted the

--------

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and later reiterated the correctness of its ruling in disposing of the plaintiffs' motion to reconsider. The plaintiffs appealed both the dismissal of their lawsuit and the order denying postjudgment relief, and all but Xi were dismissed for failure to prosecute.

Xi asserts that the district court accepted the magistrate judge's report and recommendation before the deadline to file objections expired and thus denied the plaintiffs the chance to file timely objections. However, the record reflects that, after the plaintiffs moved for reconsideration, the district court reviewed the plaintiffs' objections, conducted a de novo review of magistrate judge's report in light of those objections, and decided that the objections did not change its opinion as to whether dismissal was merited pursuant to Rule 12(b)(6). Xi otherwise has not shown harm resulting from the district court's alleged error. *See McGill v. Goff*, 17 F.3d 729, 731-32 (5th Cir. 1994), *overruled on other grounds by Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1373-74 (5th Cir. 1994).

Further, Xi contends that the district court erred in determining that the plaintiffs did not present sufficient facts to support causes of action for employment discrimination under Title VII and § 1981. However, Xi, who is pro se, did not allege that he was personally employed by the defendant and appears to be contesting the district court's ruling on behalf of other plaintiffs who were dismissed from this appeal. Because Xi is a non-attorney, he may not represent the legal interests of any other plaintiffs. *See* 28 U.S.C. § 1654; *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). He has not asserted or shown that he has a claim grounded in the alleged violation of his own legal rights or is a proper party to pursue relief for the defendant's allegedly discriminatory employment decision. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476, 479-80 (2006); *Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 666-70 (5th Cir. 2020).

No. 25-10194

Xi argues that the plaintiffs stated a claim under the FHA because they pleaded facts reflecting that their housing was jeopardized and that eviction proceedings were threatened or initiated in light of the racially motivated firings. Even if we assume for the sake of argument that Xi is an "aggrieved person" for purposes of the FHA, *see* 42 U.S.C. § 3602(i), he has failed to show that the district court erred in disposing of the FHA claim under Rule 12(b)(6). The amended complaint made no specific allegations of deliberate discrimination in a housing practice and did not set forth sufficient factual detail to support a reasonable inference that race was a consideration or had a role in a housing decision. *See Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 909-10 (5th Cir. 2019). Rather, the pleading merely offered conclusory, conjectural, and speculative allegations that did not state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

AFFIRMED.